IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOOLA O. TAYLOR, No. B-41154,      )
                                   )
                  Petitioner,      )
                                   )
vs.                                )      Case No. 12-cv-1099-DRH
                                   )
MICHAEL ATCHISON,                  )
                                   )
                  Respondent.      )

<u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.  The petition was filed on October 15, 2012. As grounds, petitioner raises seventeen issues, including defects in the indictment, prosecutorial misconduct, faulty jury instructions, illegal seizure of DNA evidence, disproportionate sentence, improperly admitted evidence, double jeopardy, and ineffectiveness of trial and appellate counsel (Doc. 1, pp. 8-24).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition, the Court concludes that because petitioner has not exhausted his state

court remedies, he is not entitled to relief at this time, and the petition must be dismissed.

Petitioner was found guilty of aggravated criminal sexual assault after a jury trial on April 8, 2008. On June 20, 2008, he was sentenced to 32 years in prison. His conviction was affirmed on appeal on January 13, 2010, and his petition for leave to appeal to the Illinois Supreme Court was denied on March 24, 2010 (Doc. 1, p. 7). He did not seek United States Supreme Court review. He then filed a petition for post-conviction relief on September 27, 2010, in the Circuit Court of Peoria County (Doc. 1, p. 3). Counsel was appointed for petitioner, and the matter has been continued in the trial court numerous times. While petitioner acknowledges that the post-conviction case remains pending in state court, he urges that the "unconstitutional delay" should be sufficient to excuse the requirement that he exhaust his state court remedies before bringing a habeas case in federal court (Doc. 1, p. 6).

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for failing to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); see also *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000).  A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations."  *McAtee*, 250 F.3d at 509.  Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); see also *O'Sullivan*, 526 U.S. at 848.

The instant petition demonstrates that while petitioner took advantage of full state court review of his claims on direct appeal, several claims that were outside the scope of direct review (including constitutional issues) remain pending before the state trial court.  Indeed, it is conceivable that petitioner may obtain relief in state court on one or more of the grounds presented, which would make action by this Court unnecessary.  Until the trial court issues its decision on the post-conviction petition, and petitioner fully completes the state appellate review process, his claims remain unexhausted.  Therefore, this action shall be dismissed without prejudice.  Petitioner may re-file this action once his state court remedies are fully exhausted, so long as he does so within the applicable time limits.

Petitioner's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) has been denied, and he was ordered to pay the $5.00 filing fee no later than November 28, 2012, or face dismissal (Doc. 5).  Although the case shall now be

dismissed on other grounds, petitioner remains obligated to pay this fee, which he incurred when the action was filed.  See *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).  As he was previously ordered in Doc. 5, **PETITIONER SHALL PAY** the $5.00 filing fee no later than **November 28, 2012**.  Should he fail to do so, he may be prohibited from filing any future action in this Court until his fees are paid.

Petitioner's motion for appointment of counsel (Doc. 3) is **DENIED AS MOOT.**

## Disposition

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, without prejudice to petitioner re-filing his habeas petition in federal court, after first exhausting his remedies in the Illinois state courts.

## Certificate of Appealability

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals.  See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*,

529 U.S. 473, 484 (2000).  Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254 because he has not yet exhausted his state court remedies.  Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect.  Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: November 8, 2012**

Digitally signed by
David R. Herndon
Date: 2012.11.08
15:38:24 -06'00'

**Chief Judge**
**United States District Court**