IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOOLA O. TAYLOR, No. B-41154,   )
                                )
              Petitioner,       )
                                )
vs.                             )   Case No. 12-cv-1099-DRH
                                )
MICHAEL ATCHISON,               )
                                )
              Respondent.       )

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner's motion to reconsider (Doc. 10). The motion was filed with this Court on November 26, 2012.

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). See, e.g., *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. Rule 59(e) permits a court to alter or amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. See, e.g., *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a

judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. See, e.g., *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Petitioner's motion at Doc. 10 was filed within 28 days of the entry of judgment in this case, therefore, either Rule 59(e) or Rule 60(b) may be applied. See *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) ("[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it."); *see also Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).

Petitioner asserts that the Court made a mistake of law in dismissing his petition for failure to exhaust his state court remedies. His post-conviction

petition, filed on September 27, 2010, has still not been adjudicated after more than two years pending in the trial court. He argues that under Seventh Circuit precedent, he should be excused from the exhaustion requirement because of this inordinate delay. Accordingly, the Court construes the motion as having been brought pursuant to Rule 59(e).

The habeas petition recites that in January 2011, after initial review of the state post-conviction action, the trial court appointed an attorney to represent petitioner (Doc. 1, p. 6). Since then, the attorney requested twelve continuances in the case. *Id.* Such a delay is generally attributable to the petitioner, and not to the state judicial system. See *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992). However, in his motion to reconsider, petitioner explains that his court-appointed counsel has failed to respond to any communications. Further, on November 16, 2011, petitioner filed a motion to proceed *pro se* in the matter, and on March 12, 2012, he filed a petition for a hearing in the case (Doc. 10, p. 3). Neither motion has been ruled upon by the state trial court, and the case was continued again. Petitioner's efforts indicate that the delay in his post-conviction case may meet the criteria to excuse the failure to exhaust all state court remedies.

Under 28 U.S.C. § 2254, an exception to the exhaustion requirement may be made where circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). "Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the

requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth,* 112 F.3d 878, 881 (7th Cir. 1997). The two-year period during which petitioner's case has been pending in the state court could be considered an inordinate delay. See *Dozie v. Cady,* 430 F.2d 637, 638 (7th Cir. 1970) (17 months' delay inordinate); *Lowe v. Duckworth,* 663 F.2d 42, 43 (7th Cir. 1981) (three and one-half years' delay inordinate). In determining whether the delay in state court is unjustifiable, it is appropriate to consider whether the delay is attributable to the state. *Sceifers v. Trigg,* 46 F.3d 701, 703 (7th Cir. 1995). A hearing may be necessary to determine whether the delay is justifiable. *Lowe,* 663 F.2d at 43. Because further factual development is necessary on the question of whether petitioner has been subjected to an inordinate, unjustifiable delay that should result in an exception to the exhaustion requirement of § 2254, a response shall be ordered.

### Filing Fee

Petitioner was previously ordered (Doc. 6) to pay the $5.00 filing fee for this action by November 28, 2012. He has not done so, and this fee remains due, regardless of the disposition of the case.

### Disposition

**IT IS HEREBY ORDERED** that the motion to reconsider (Doc. 10) is **GRANTED**. The Judgment at Doc. 7 is **VACATED**, and the Clerk is **DIRECTED** to reopen this case.

**IT IS FURTHER ORDERED** that petitioner shall pay the $5.00 filing fee

within 14 days of the date of this order (on or before **December 26, 2012**). Failure to timely pay this fee shall result in the dismissal of this case. See FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that respondent shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered (on or before **January 9, 2013**). The response shall address the question of whether an exception to the exhaustion requirement of § 2254 should be allowed under the circumstances of this case. This preliminary order to respond does not, of course, preclude the State from making any other objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later

than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 10, 2012**

Digitally signed by David R. Herndon
Date: 2012.12.10 11:42:30 -06'00'

**Chief Judge**
**United States District Court**