IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOOLA O. TAYLOR, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No.3:12-cv-1099-DRH-DGW |
| ) | |
| MICHAEL ATCHISON, ) | |
| ) | |
|     Respondent. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner, Toola Taylor, on October 15, 2013 (Doc. 1) and the Motion to Stay/Motion to Dismiss filed by Respondent, Michael Atchison,[1] on March 11, 2013 (Doc. 25).  For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DISMISSED WITHOUT PREJUDICE**, that the Motion to Stay/Motion to Dismiss be **GRANTED IN PART**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Petitioner indicates that he was convicted of aggravated criminal sexual assault on June 20, 2008 and sentenced to 32 years of incarceration.  He filed a direct appeal arguing, in part, that his trial counsel was ineffective for failing to object to an outdated jury instruction.  While the Illinois

---

[1] Rick Harrington is now petitioner's custodian and should thus be substituted as respondent. *See* Rules Governing Section 2254 Cases 2(a); FED. R. CIV. P. 25(d); *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

Court of Appeals found that counsel's conduct was objectively unreasonable, Petitioner suffered no prejudice.  As a result, his conviction was affirmed on January 13, 2010.  *People v. Taylor*, 921 N.E.2d 1255 (Ill. App. Ct. 2009).  Petitioner filed a Petition for Leave to Appeal that was denied by the Illinois Supreme Court on March 24, 2010.  *People v. Taylor*, 930 N.E.2d 415 (Ill. 2010).

Petitioner's attempts to collaterally attack his conviction have not resulted in a similar seamless or swift timeline.  According to the Petition, the state trial court has yet to rule on a post-conviction petition that was filed on September 27, 2010.  Petitioner states that while he has been making a diligent effort to have his case heard and ruled upon, the trial court and his appointed counsel have unreasonably delayed his petition.  In particular, Petitioner contends that his attorney sought extensions of time on 12 separate occasions (presumably without his approval) and "the trial court is just allowing the petition to languish in the system" (Doc. 1, p. 6).  Petitioner therefore filed a Petition for a Writ of Habeas Corpus in this District on October 15, 2012 (Doc. 1). On November 9, 2012, Chief District Judge David R. Herndon dismissed this matter after finding that Petitioner had not exhausted his state remedies (Doc. 6).  Upon reconsideration, however, Judge Herndon found that a delay in the state court proceedings can excuse the exhaustion requirement (Doc. 11, p. 4).  Judge Herndon further found that "[b]ecuase further factual development is necessary on the question of whether petition has been subjected to an inordinate, unjustifiable delay that should result in an exception to the exhaustion requirement of § 2254, a response shall be ordered" (*Id.*).

By way of a response, Respondent filed the pending Motion to Stay/Motion to Dismiss (Doc. 25).  Petitioner does not challenge the history that Respondent outlines of his state court

2

collateral proceedings, although he does point out that his dissatisfaction with post-conviction counsel pre-dated his attempts to proceed *pro se* before the state courts.  As noted above, Petitioner filed for post-conviction relief before the state trial court on September 27, 2010.  The petition survived initial review and counsel was appointed in January, 2011.  Six continuances (at the request of Petitioner's counsel) and a number of status conferences later,[2] Petitioner sought to proceed *pro se* by filing a written motion on November 16, 2011 (Doc. 25-1, p. 1).  The certificate of service, however, reveals that Petitioner did not serve the motion on his counsel or on the state.  There is also no showing that Petitioner sought a hearing on this motion.  Subsequent status hearings were held by the trial court on December 15, 2011, February 16, 2012, March 29, 2012, May 10, 2012, and June 21, 2012 (Doc. 25-2, pp. 6-11).  On February 21, 2012, Petitioner submitted an ex parte letter to Chief Judge Michael Brandt, again seeking to proceed *pro se* in the post-conviction proceedings.  By Order, that letter was served on all counsel of record in his case but it was apparently not given consideration because of its ex parte nature (Doc. 25-3, 1).

Respondent further states that he contacted the Peoria County State's Attorney's Office regarding the matter before the trial court and an in-person hearing on Petitioner's claim was set for March 15, 2013.  In a subsequent status report (Doc. 27), Respondent reports that on March 15, 2013, the trial court allowed Petitioner to proceed *pro se* in the state case.  This Court assumes that the matter before the state trial court is now proceeding without the hindrance of a court

---

[2] These status conferences were held on January 20, 2011, March 24, 2011, April 14, 2011, June 9, 2011, August 18, 2011, October 20, 2011 (Doc. 25-2, pp. 1-6).  Each associated order indicates that Petitioner's counsel requested that the matter be continued to the next status conference (*Id.*).  On June 10, 2011, Petitioner filed a motion, entitled "Motion to Compel Communication & Action or Re-Assignment to New Counsel" with the state court (Doc. 26, p. 9-10).  There is no certificate of service attached to the motion indicating that it was served on counsel of record.  There is also no indication in the record that the trial court ruled on the motion.

appointed attorney.

## CONCLUSIONS OF LAW

The only issue before the Court is whether the delay in state court proceedings outlined above should excuse the exhaustion requirement and result in a consideration of the merits of the Petition before the Court.[3]

Title 28 U.S.C. § 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(*Id.*)

The statute requires that Petitioner exhaust his state remedies in order to give the state the "opportunity to pass upon and correct the alleged violations of its prisoner's federal rights." *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (citations and quotation marks omitted). The failure to present a claim and seek appropriate review in the state courts can lead to a finding that the claim is procedurally defaulted. *Id.* Petitioner argues, however, that the state's corrective process is ineffective because of the delay occasioned by the numerous continuances granted by

---

[3] Judge Herndon anticipated that an evidentiary hearing would be necessary in order to determine whether an inordinate delay is justifiable. *See Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981) ("Where state court delay is inordinate, the district court must hold a hearing to determine whether the delay is justifiable."). For the reasons that follow, the undersigned recommends that the District Court find that the delay was not inordinate, that the reasons for the delay are apparent, and that no hearing is therefore required. *See Lane v. Richard*, 957 F.2d 363 (7th Cir. 1992); *Powers v. Chandler*, 458 F.Supp.2d 713 (N.D. Ill. 2006).

4

the state court on his appointed counsel's motions and the state court's seeming disregard of his request to proceed *pro se*. "Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). In order for the delay to excuse the exhaustion requirement, there must be a showing that it is attributable to the state. *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995).

Petitioner's case has been pending in the state trial court for almost three years. This appears to be an inordinate time period. In *Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970), a 17 month delay required further investigation by the district court as did a three and one-half year delay in *Lowe*. *Id.* 663 F.2d at 43. This inordinate delay, however, is not unjustifiable.

The delay occasioned in the state court proceedings are a mixture of delays attributable to Petitioner, his court-appointed counsel, and, potentially, the state. The state's portion (if any), however, is not inordinate and unjustifiable. First, any delay from the date the petition was filed (September, 2010) to March, 2012 can only be attributed to Petitioner or his counsel; and, because there is no right to counsel in a collateral action, this delay cannot lead to a conclusion that the state process was ineffective. *Lane*, 957 F.2d at 365 ("Errors committed by counsel representing a prisoner on collateral attack are not attributable to the state."). There is no question that the first time that Petitioner made the trial court aware of his dissatisfaction with his attorney was on June 1, 2011 when his "Motion to Compel Communication . . . " was filed. This motion, however, does not appear to have been served upon his counsel or the state and does not appear to have been addressed by the state court. Nonetheless, any delay from September, 2010 to June 1, 2011 is not attributable to the state because there is no showing that it was aware of Petitioner's problems with

5

his attorney.

This Court also finds that the delay from June 1, 2011, through Petitioner's November 16, 2011 motion to proceed *pro se* and concluding on June 21, 2012 (the date of the last status conference for which there is a record) is also not attributable to the state. According to the Local Rules of the Circuit Court of the 10th Judicial Circuit, Illinois, each motion must contain a notice setting forth a hearing date, time, and location, and must be served upon all parties of record. *See Id.* at Rule 22, http://www.peoriacounty.org/courts (follow "Rules of the Circuit Court" hyperlink) (last visited June 14, 2013). Petitioner did not comply with either the notice requirement nor did he serve the documents upon counsel of record when he filed either his June 1, 2011 or November 16, 2011 motions. Failure to follow these procedural rules would have accounted for the trial court holding status conferences in this matter throughout 2011 and 2012 without mentioning the motions that were filed.

The only period of time that could potentially be attributed to the state is from March, 2012 to March of this year. It is undisputed that by the end of February, 2012, Chief Judge Brandt directed the clerk to serve upon the attorneys of record Petitioner's *ex parte* letter in which he indicated that he would like to represent himself in the post-conviction proceedings. While this letter would have at least notified the trial court (and Petitioner's counsel) of an issue with respect to representation, it still would not have mandated action by the trial court. As noted in the order that accompanied the letter, Judge Brandt reminded the parties that "the Court may not receive ex parte communications . . . and any future communications to the Court by them must be according to Supreme Court Rules with proper notice/copies sent to all attorneys of record . . . ." (Doc. 25-3, p. 1). Prudence may have dictated that the trial court act upon the letter by at least inquiring as to

Petitioner's representation, Petitioner has presented no rule of law that would have mandated such action. Thus, there is no showing that, up until the date of this Report and Recommendation, Petitioner sought to proceed *pro se* before the state trial court in a manner that is consistent with the Local Rules of that Court.[4] In addition, the 9 months between June, 2012 and March, 2013 does not appear to be an inordinate amount of time, especially because the trial court set a hearing on Petitioner's action for May 17, 2013 (Doc. 27-1, p. 1). Any delay in the state court proceedings is mostly attributable to Petitioner and therefore would not warrant excusing the exhaustion requirement. In light of this finding, this matter should be dismissed without prejudice and Petitioner should be required to exhaust his state court remedies prior to petitioning this court. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Rick Harrington be **SUBSTITUTED** as Respondent, that the Motion to Stay/Motion to Dismiss filed by Respondent, Michael Atchison,[5] on March 11, 2013 be **GRANTED IN PART**, that the Petition for a Writ of Habeas Corpus filed by Petitioner, Toola Taylor, on October 15, 2013 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

---

[4] That Petitioner can be required to present motions/petitions in the time, place, and manner dictated by the state courts is not a novel proposition in habeas cases. When a state court declines to hear the merits of a habeas claim because of lack of compliance with a procedural requirements, that claim can be procedurally defaulted upon federal review. *See Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).

[5] Rick Harrington is now petitioner's custodian and should thus be substituted as respondent. *See* Rules Governing Section 2254 Cases 2(a); FED. R. CIV. P. 25(d); *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 14, 2013**

                            **DONALD G. WILKERSON**
                            **United States Magistrate Judge**